# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

CHARLES GATES,

      Petitioner,

v.                                                    Case No. 5:24-cv-00385

WARDEN W. HOLZAPFEL,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On July 26, 2024, Petitioner, a Federal Bureau of Prisons' ("BOP") inmate housed at FCI Beckley, in Beaver, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's § 2241 petition") (ECF No. 1), as supplemented by the exhibits contained in ECF No. 12, and a Motion for Jail Time Credit and Concurrent Sentences (ECF No. 2). This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner's initial § 2241 petition seeks prior custody credit towards his federal sentence for time spent in primary state custody for a non-specific nineteen-month period. (ECF No. 1). He also filed a separate motion seeking the same 19 months of prior custody credit. (ECF No. 2).

As set forth in Respondent's response, on October 18, 2019, Petitioner was arrested by the Saint Louis, Missouri, Metropolitan Police Department ("SLMPD") for Unlawful Possession of a Firearm in Case No. 1922-CR03334-01.1. (ECF No. 16, Ex. 1, ¶ 4 & Attach. A - Case 1922-CR03334-01 Docket). However, on October 30, 2019, he was released on a personal recognizance bond. (*Id.*) The following day, October 31, 2019, Petitioner was arrested by SLMPD for Assault, Armed Criminal Action, and Unlawful Possession of a Firearm in Case No. 1922-CR03445-01. (*Id.*, ¶ 5 & Attach. B - Case 1922-CR03445-01 Docket). Then, on November 1, 2019, the State of Missouri Department of Corrections Board of Probation and Parole issued a warrant for a parole violation in Case No. 43R060300978, which was executed the same day while in Petitioner was still in custody with SLMPD. No bond was granted on the parole violation charge, so Petitioner remained in state custody. (*Id.*, ¶ 6 & Attach. C - Warrant in Case 43R060300978).

On November 7, 2019, a federal indictment (Case No. 4:19CR00929) was filed in the United States District Court for the Eastern District of Missouri charging Petitioner with various drug and firearms-related offenses that had occurred on or about June 14, 2019 and October 18, 2019. (ECF No. 16, Ex. 1, ¶ 7; *see also United States v. Gates*, No. 4:19-cr-00929, ECF No. 2 (E.D. Mo., Nov. 7, 2019) (Redacted Indictment)). That same day, an order for a writ of habeas corpus *ad prosequendum* was issued by the United States District Court for the Eastern District of Missouri for Petitioner's appearance in federal court. (*Id.*) On November 13, 2019, Petitioner was "borrowed" from Missouri state authorities by the United States Marshals Service ("USMS") pursuant to the federal writ. (*Id.*, ¶ 7 & Attach. D - USMS Form 129).

2

On December 1, 2020, Petitioner was released on bond on his own recognizance in the state Case No. 1922-CR03445-01. (*Id.*, ¶ 8 & Attach. E - Case 1922-CR03445-01 Docket (recent entries)). However, Petitioner was still under the primary jurisdiction of the State of Missouri due to the parole violation hold in Case No. 43R060300978. (*Id.* & Attach. C).

On June 1, 2021, Petitioner was sentenced in the United States District Court for the Eastern District of Missouri in Case No. 4:19-CR-00929-RLW(1) to a 57-month term of imprisonment on Count Four of the federal indictment, which charged him with being a felon in possession of firearm on October 18 2019, in violation of 18 U.S.C. § 922(g)(1). (*Id.*, ¶ 9 & Attach. F, Judgment in a Criminal Case). The federal judgment was silent as to whether the federal sentence was to run concurrent with or consecutive to any yet-to-be-imposed state sentences. (*Id.*)

On June 3, 2021, Petitioner was sentenced in the City of St. Louis, Missouri, Circuit Court in Case No. 1922-CR03334-01 to a three-year term of imprisonment for Unlawful Possession of a Firearm with credit for all time served. (*Id.*, ¶ 10 & Attach. G - Judgment in Case No. 1922- CR03334-01). The state court ordered that sentence to run concurrent with Case No. 1922-CR03445-01 and federal criminal action number 4:19-CR-00929-RLW(1). (*Id.*) The same day, Petitioner also was sentenced in Case No. 1922-CR03445-01 to a five-year aggregated term of imprisonment for Attempted Assault First Degree, Armed Criminal Action, and Unlawful Possession of a Firearm and received 595 days of credit for time served. (*Id.*, ¶ 11 & Attach. H - Judgment in Case No. 1922- CR03445-01). The state court similarly ordered that sentence to run concurrent with Case No. 1922-CR03334-01 and federal criminal action number 4:19-CR-00929-RLW(1). (*Id.*)

3

On July 6, 2021, Petitioner was returned to state authorities with the federal judgment filed as a detainer due to the parole violation hold. (*Id.*, ¶ 12 & Attach. D). Petitioner was committed to the Missouri Department of Corrections on a parole violation in Case No. 43R060300978 to continue service of the original sentence, as well as for service of new sentences in Case Nos. 1922-CR03334-01 and 1922-CR03445-01. (*Id.* & Attach. I - MSDOC Face Sheet). On May 17, 2024, Petitioner was paroled by the State of Missouri and entered exclusive federal custody of the USMS. (*Id.*, ¶ 13 & Attachs. D, J - Order of Release on Parole).

Petitioner's initial federal sentence calculation reflected that his computation began on May 17, 2024, the date he was paroled by the state and entered exclusive federal custody, and it included no prior custody credit. (*Id.*, ¶ 14 & Attach. K - Public Information Inmate Data). Based on this calculation, Petitioner had a conditional projected release date of May 16, 2028, via application of good conduct time and First Step Act ("FSA") credit. (*Id.*)

On July 26, 2024, Petitioner filed the instant petition (ECF No. 1) asserting that the BOP has not calculated his federal sentence concurrently with his state sentences as ordered by the state court. Thus, he sought 19 months of custody credit for the time already credited to his state sentences, but while he claims he was in USMS custody. (*Id.* at 6-7). As ordered by the Court, on December 4, 2024, Respondent filed his response with the exhibits discussed above. (ECF No. 16). Respondent's response asserted that, because Petitioner's federal judgment was silent as to how his sentences should run, and because Petitioner was in the primary custody of the State of Missouri, his federal sentence has been correctly calculated, and he is not entitled to any additional prior

custody credit.  (*Id.*)

On December 19, 2024, Petitioner filed a reply brief which asserts that he was taken into federal custody via the writ on November 13, 2019.  (ECF No. 17 at 1).  The reply further suggests, for the first time, that, because Petitioner's state and federal sentences were for possession of the same firearm, he is serving a "double sentence" for the same conduct.  (*Id.*)  He further contends that he had "already served 4 years and 6 months [] in state custody on the firearm," including the time from July 6, 2021 to May 17, 2024, after his federal sentence had been imposed.  (*Id.*)  Thus, he appears to amend his request for relief to now seek three years of credit to his federal sentence.  (*Id.*)

On February 10, 2025, Respondent filed a Supplemental Response to Order to Show Cause, indicating that, on December 16, 2024, after the BOP's Designation and Sentence Computation Center ("DSCC") inquired of the sentencing court as to how it intended Petitioner's sentence to run in relation to the state court sentences, the sentencing court responded and recommended that Petitioner's federal sentence run concurrently with the state sentences.  (ECF No. 18 at 2 and Ex. 1, Attach. A & B).  In accordance with the sentencing court's recommendation, on December 19, 2024, the DSCC advised Petitioner that it was granting him a retroactive or *nunc pro tunc* designation and adjusted his federal sentence computation.  Specifically, Petitioner's federal sentence was run from June 1, 2021 (the date it was imposed), which changed his projected release date to June 17, 2025.  (*Id.* at 2 and Ex. 1. Attach. D at 1, 3).  Therefore, Petitioner received approximately three years of prior custody credit, including the 19 months that he requested in his initial petition and motion.

### A. Petitioner's requests for relief are now moot.

Following the imposition of a sentence by a federal court, the BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit and good conduct time. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a). The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "<u>a sentence to a term of imprisonment commences on the date the defendant is received in custody</u> awaiting transportation to, or arrives voluntarily to commence service of sentence <u>at, the official detention facility at which the sentence is to be served.</u>" (Emphasis added). (ECF No. 16 at 4) (emphasis added). Therefore, a federal sentence cannot commence any earlier than the day on which it is imposed. *See United States v. Labeille-Soto*, 163 F.3d 93, 98-100 (2d Cir. 1998); *United States v. McLean*, No. 88-5506, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (per curiam) ("A federal sentence cannot commence prior to the date it is pronounced."); *see also Linares-Tabora v. Warden, FCI Beckley*, No. 5:21-cv-00350, 2024 WL 3175086, at *5 (S.D.W. Va. May 30, 2024), *report and recommendation adopted sub nom. Linares-Tabora v. Beckley*, 2024 WL 3167588 (S.D.W. Va. June 25, 2024) (collecting cases); *Allison v. Cruz*, No. 0:15-cv-221-CMC-PJG, 2015 WL 9872260, at *4 (D.S.C. Dec. 2, 2015), *report and recommendation adopted*, 2016 WL 234998 (D.S.C. Jan. 19, 2016) (citing *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006)) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

Furthermore, 18 U.S.C. § 3585(b) prohibits a defendant from receiving double credit for detention time. Thus, prior custody credit generally cannot be granted if the

prisoner has received credit toward another sentence. *See Wilson, supra*, 503 U.S. at 337; *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence). Therefore, a prisoner normally cannot receive credit toward his federal sentence for time credited to his state sentence.

Where a defendant has both state and federal sentences, the order in which the sentences are normally served is governed by the principle of primary jurisdiction, which is best explained in *United States v. Smith*:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)). Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes it through dismissal of charges, bail release, parole release, or satisfaction of sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence."); *Carter v. Felts*, No. 5:05-cv-00708, 2008 WL 3457032, *6 (S.D.W. Va. Aug. 11, 2008) ("When a federal court imposes sentence upon a

7

defendant already in State custody . . . the principles of comity and primary jurisdiction dictate that the federal sentence does not commence until the State relinquishes its jurisdiction.") (internal citations omitted); *Rose v. Williams*, No. 3:16cv31, 2016 WL 8115663 *5 (N.D. W. Va. Dec. 28, 2016).

Because Petitioner was initially arrested by state authorities, the State of Missouri had primary jurisdiction and he remained therein despite his initial release on bond, because he did not bond out on his parole violation. Furthermore, "borrowing" Petitioner on a writ of habeas corpus *ad prosequendum* does not alter primary jurisdiction. *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992) (a prisoner is not in custody when he appears in court pursuant to a writ *ad prosequendum*; he is merely on loan); *Restituyo-Garcia v. Coakley*, No. 5:16-cv-07323, 2017 WL 764867 *3 (S.D. W. Va. Jan. 31, 2017). Thus, the State of Missouri did not relinquish primary jurisdiction when the USMS borrowed him on the federal writ.

However, the BOP has authority to "designate the place of [a] prisoner's imprisonment" and may allow commencement of a federal sentence prior to the inmate's arrival at a federal facility under 18 U.S.C. § 3621(b) (known as a "*nunc pro tunc* designation"), but it is not obligated to do so. *See United States v. Evans*, 159 F.3d 908, 911-12 (noting a federal sentence may commence with respect to a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence"); *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990) (noting the BOP must only give consideration to a prisoner's request for a *nunc pro tunc* designation); *McCollough v. O'Brien*, No. 7:06-cv-00712,

8

2007 WL 2029308, at *2 (W.D. Va. July 10, 2007) (providing § 3621(b) does not impose any obligation on the BOP to grant *nunc pro tunc* designation).

When Respondent filed his initial response, a letter had been sent to Petitioner's federal sentencing court to inquire about the court's intent concerning the running of the federal sentence in comparison to the later-imposed state sentences, to determine whether a *nunc pro tunc* designation would be appropriate. (ECF No. 16 at 7 n.3 and Ex. 1, ¶ 16). BOP Program Statement 5160.05 requires the BOP to wait 60 days for a response from the sentencing court, which had not been received at the time Respondent's response was due. However, according to his supplemental response, the sentencing court subsequently recommended that Petitioner's federal sentence be run concurrently with his state sentences. Thus, on December 19, 2024, Petitioner was granted a *nunc pro tunc* designation and his federal sentence calculation was adjusted to provide him with nearly three additional years of credit and a current statutory release date of June 17, 2025. As of this date, with what are believed to be additional FSA early release credits applied, his current projected release date is April 18, 2025. (ECF No. 18, Ex. 1, Attach. D at 3; *see also* https://www.bop.gov/inmateloc/).

Accordingly, Petitioner's request for relief has been granted and this court now lacks jurisdiction to adjudicate his § 2241 petition. The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged,

without collateral consequences, or the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Eden, LLC v. Justice*, 36 F.4th 166, 169–70 (4th Cir. 2022); *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 588 (4th Cir. 2016); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition (ECF No. 1) and Motion for Jail Time Credit and Concurrent Sentences (ECF No. 2) should be denied as moot.

### B. Petitioner's sentences are not improper simply because they arise out of the same conduct.

Petitioner's reply brief further appears to suggest that he was sentenced twice for the same conduct: illegal possession of a firearm on November 18, 2019. Because this assertion is raised for the first time in a reply brief, it is not properly before the Court.[1] Nonetheless, out of an abundance of caution, the undersigned will briefly address the propriety of his assetions.

The fact that Petitioner was charged with both state and federal offenses arising out of the same alleged conduct does not affect the calculation of his federal or state sentences as they were imposed. First, although not specifically alleged by Petitioner, there is no double jeopardy implication from the state and federal charges both stemming from illegal possession of a firearm. The Double Jeopardy Clause provides that "no person shall be subject for the same offense to be twice put in jeopardy of life or limb."

---

[1] Respondent has not been asked to file a sur-reply to address these new contentions.

U.S. Const. Amend. V. While the Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal or conviction, or multiple punishments for the same offense by the same sovereign, it "does not prohibit the federal government from imposing criminal sanctions following state criminal sanctions since both the state and federal governments have the power, inherent in any sovereign, to independently define and punish an offense." *Jones v. Socha*, No. 3:23-cv-3925-RBH-KDW, 2023 WL 11802948, at *2 (D.S.C. Sept. 11, 2023), *report and recommendation adopted*, 2024 WL 2350088 (D.S.C. May 23, 2024) (citing *United States v. Wheeler*, 435 U.S. 313 (1978) and *Ohio v. Johnson*, 467 U.S. 493, 498 (1984)). Thus, Petitioner was properly charged with a separate federal offense for which he was properly and separately sentenced.

## RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that, having now received a *nunc pro tunc* designation, Petitioner has received the prior custody credit he sought and that his sentence has been properly executed under 18 U.S.C. § 3585. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's § 2241 petition (ECF No. 1) and his Motion for Jail Time Credit and Concurrent Sentences (ECF No. 2) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from

the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Chief Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

February 10, 2025

Dwane L. Tinsley
United States Magistrate Judge